**BROWN KWON & LAM LLP**
William Brown, Esq.
521 Fifth Avenue, Suite 1744
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR BARRIOS, *on behalf of himself and others similarly situated*, <br><br> Plaintiffs, <br><br> - against - <br><br> PRO PROPERTY RENO INC, MACARENA MAS and NELSON MAS, <br><br> Defendants. | Case No: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff VICTOR BARRIOS ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants PRO PROPERTY RENO INC ("Corporate Defendant"), MACARENA MAS ("M Mas") and NELSON MAS, ("N Mas") (collectively, "Individual Defendants" and together with Corporate Defendant, "Defendants") and allege as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiff also brings this action on behalf of himself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid prevailing wages, (2) unpaid overtime wages, (3) stautory penalties, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Plaintiff*

### VICTOR BARRIOS

7. Plaintiff is an adult who resides in Kings County, New York.

8. Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9. Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

*<u>Defendants</u>*

10. At all relevant times, Defendants operated a construction company which performed work throughout New York City, including on prevailing wage job sites.

11. Corporate Defendant PRO PROPERTY RENO INC is a foreign business corporation organized under the laws of the State of New Jerseu with a principal place of business located and address for the service of process located at 428 Thompkins Street, Orange, NJ 07050.

12. At all relevant times, PRO PROPERTY RENO INC had an annual dollar volume of sales in excess of $500,000.

13. PRO PROPERTY RENO INC is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

14. At all relevant times, PRO PROPERTY RENO INC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

15. PRO PROPERTY RENO INC applies the same employment policies, practices and procedures to all non-exempt employees.

16. At all relevant times, Individual Defendant MACARENA MAS has been the general manager of Pro Property Reno and the sister of Nelson Mas, the owner of the company.

17. At all relevant times, MACARENA MAS has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at Pro Property Reno.

18. At all relevant times, MACARENA MAS has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at Pro Property Reno.

19. At all relevant times, MACARENA MAS has had the power to maintain employment records, including time and/or wage records of Pro Property Reno employees.

20. At all relevant times, MACARENA MAS has been actively involved in managing the day-to-day operations of Corporate Defendant.

21. At all relevant times, MACARENA MAS has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at Pro Property Reno.

22. At all relevant times, MACARENA MAS has had authority over personnel or payroll decisions and employment policies, practices and procedures for Pro Property Reno.

23. At all relevant times, MACARENA MAS has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff and similarly situated employees.

24. MACARENA MAS is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

25. At all relevant times, Individual Defendant NELSON MAS has been an owner and operator of Pro Property Reno.

26. At all relevant times, NELSON MAS has been a principal of the Corporate Defendants.

27. At all relevant times, NELSON MAS has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at Pro Property Reno.

4

28. At all relevant times, NELSON MAS has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at Pro Property Reno.

29. At all relevant times, NELSON MAS has had the power to maintain employment records, including time and/or wage records of Pro Property Reno employees.

30. At all relevant times, NELSON MAS has been actively involved in managing the day-to-day operations of Corporate Defendant.

31. At all relevant times, NELSON MAS has had authority over personnel or payroll decisions and employment policies, practices and procedures for Pro Property Reno.

32. At all relevant times, NELSON MAS has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff and similarly situated employees.

33. NELSON MAS is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of himself and all similarly situated current and former non-union, non-exempt employees employed by Pro Property Reno from the date that is six (6) years prior to the filing of the initial Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

35. At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA

5

Collective Members the full overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

36. All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

37. Defendants are aware or should have been aware that federal law required them to pay employees overtime wages for all of the hours they work.

38. For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## **NEW YORK CLASS ACTION ALLEGATIONS**

39. Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of himself and a class of persons consisting of all current and former non-exempt employees employed by Pro Property Reno from the date that is six (6) years prior to the filing of the initial Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

40. Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

41. The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours

assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

42. The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is little doubt that there are more than forty (40) members of the Class.

43. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

44. Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay overtime wages, (ii) failing to pay prevailing wages, (iii) failing to provide proper wage notices, and (iv) failing to provide proper wage statements, in violation of the NYLL.

45. Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

46. Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

47. Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

48. Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

50. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

51. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class

Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

52. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

53. Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

   a. Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

   b. Whether Defendants paid Plaintiff and Class Members all due prevailing wages;

   c. Whether Defendants paid Plaintiff and Class Members overtime premiums for hours worked in excess of forty hours each work week;

   d. Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, as required by the NYLL; and

   e. Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

54. Plaintiff was employed by Defendants as a carpenter from on or around June 2024 until September 17, 2024.

55. Throughout his employment with Defendants, Plaintiff performed carpentry work on New York City Housing Authority locations throughout Brooklyn, New York. All of the locations in which Plaintiff performed work were prevailing wage jobsite.

56. Throughout his employment, Plaintiff was paid an hourly rate of $55.00, plus supplements, for time in which he was designated as a carpenter, and $37.44, plus supplements, for time in which he was designated as a laborer.

57. At this time of his hiring, Plaintiff was told that he would be scheduled to work Monday through Friday 8:00 a.m. to 4:30 p.m. However, throughout his employment, Plaintiff was actually required to start working at 7:00 a.m. and continued working until at least 5:00 p.m., with a 30-minute lunch break. Thus, Plaintiff worked approximately 46 hours each week.

58. Based on his observations and conversations with his co-workers, collective action members and class members worked the same or similar hours as Plaintiff.

59. Plaintiff, FLSA Collective Action Members and Class Members were told by M Mas at the time of hiring and throughout their employment, that they would only be paid for their first forty hours of work each week, regardless of their actual hours worked.

60. M Mas further instructed Plaintiff, FLSA Collective Action Members and Class Members to clock in at 8:00 a.m. and clock out at 4:30 p.m. regardless of their actual hours. M Mas additionally required Plaintiff, FLSA Collective Action Members and Class Member to sign incorrect and fraudulent time sheets.

61. Plaintiff, however, disregarded this instruction, and for much of his employment, clocked-in and out at his actual start and end time of his shift. Despite this, Plaintiff was only paid for his first forty hours worked.

62. Throughout the relevant period, Defendants entered into numerous contracts with the City of New York, as well as other government agencies, and quasi government agencies (hereinafter, the "Public Works Projects.") All of the work Plaintiff performed for Defendants was on Public Works Projects.

63. New York State Labor Law § 220 provides that the wages to be paid to laborers, workmen and mechanics upon public work shall not be less than the "prevailing rate of wages,"

64. The "prevailing rate of wage" is the rate of wage paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers in the private sector.  New York Labor Law § 220.

65. New York Labor Law § 220 also requires that the laborers, workmen and mechanics upon such public work be provided "supplemental benefits" at the prevailing rate. "Supplemental benefits" are all forms of renumeration for employment paid in any medium other than cash, including but not limited to health, welfare and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance.  The prevailing rate of supplemental benefits is determined in the same manner as wages.  New York Labor Law § 220.

66. Upon information and belief, a schedule of prevailing rates of wages and supplements to be paid all workers furnishing labor on the sites of the Public Works Projects was annexed to and formed a part of each Public Work Contract.

67. Throughout the relevant period, Defendants misclassified Plaintiff and Class Members as a lower trade so to reduce their required minimum hourly rate.  Specifically, Plaintiff, who was hired as a carpenter, and generally performed carpentry work was paid ten hours each week as a laborer.  Based on his observations and conversations with his co-workers, Class Members were similarly misclassified.

68. Furthermore, due to Defendants' time shaving policies, Plaintiff and Class Members did not receive all due prevailing wages and supplements to which Plaintiff and other members of the putative class were entitled under the Public Works Contracts.

69. Throughout his employment with Defendants, Plaintiff did not receive any notices of pay rate or pay day from Defendants, as required under the NYLL.

70. Throughout his employment with Defendants, Plaintiff did not receive proper wage statements from Defendants, as required under the NYLL.

71. Based on Plaintiff's observations and conversations with his co-workers at Pro Property Reno, Plaintiff, FLSA Collective Members and Class Members were subject to the same unlawful wage and hour policies.

72. Defendants knowingly and willfully operated their business with a policy of failing to pay overtime wages to Plaintiff, FLSA Collective Members and Class Members for all hours worked in excess of forty hours in violation of the FLSA and NYLL.

73. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff Class Members all due prevailing wages in violation of the NYLL.

74. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

75. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

78. Defendants failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

79. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

80. Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

81. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

82. As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

83. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members

should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

86. Defendants failed to pay Plaintiff Class Members the overtime wages for hours worked in excess of forty (40) per week, to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

87. Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

88. Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone

14

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

89. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Class as required by the NYLL and the supporting New York State Department of Labor Regulations.

90. Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

91. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, including liquidated damages for the late payment of wages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## COUNT III

### BREACH OF THE PUBLIC WORKS CONTRACTS AND SUBCONTRACTS

92. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93. On information and belief, the Public Works Contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits to be paid Plaintiff and putative Class Members.

94. Those prevailing rates of wages and supplemental benefits were made a part of the Public Works Contracts and/or Public Works Subcontracts for the benefit of the Plaintiff and Class Members.

95. Defendants willfully breached the Public Works Contracts and/or Public Works Subcontracts by failing to pay Plaintiffs and the other members of the putative class the full and correct prevailing rates of wages and supplemental benefits for all labor performed upon the sites of the Public Works Projects.

96. Further, Labor Law § 220 and the Public Works Contracts or Public Works Subcontracts specifically require that language mandating the payment of prevailing wages be included in sub-contracts.

97. To the extent that Defendants' Public Works Subcontracts erroneously and illegally failed to provide language mandating the payment of prevailing wages to their employees, reformation of these Public Works Subcontracts to include such language is equitable and proper.

98. As a result of Defendants' willful breach of the Public Works Contracts and Subcontracts, Plaintiff and the Class are entitled to recover from Defendants their unpaid prevailing wages and supplements, liquidated damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b. Certification of this case as a class action pursuant to Rule 23;

c. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d. An award of unpaid overtime wages due under the FLSA and NYLL;

e. An award of unpaid prevailing wages due under the Public Works Contracts;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime; minimum wage; spread-of-hours premium; unpaid prevailing wages, pursuant to the FLSA or NYLL;

g. Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

h. Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

i. Pre-judgment and post-judgment interest;

j. Reasonable attorneys' fees and costs of this action;

k. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

l. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 13, 2025                     Respectfully submitted,

**BROWN, KWON & LAM LLP**

By:   */s/ William Brown*

William Brown, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

Docusign Envelope ID: D0791599-4788-447D-A396-985E7203DB4F

**CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT**

I, VICTOR BARRIOS consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against PRO PROPERTY RENO INC and NELSON MAS and/or related entities and individuals to recover unpaid wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

Name: Victor Barrios

Date: 5/12/2025